# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JUANITA HUTCHINSON**                                                               **PLAINTIFF**

**V.**                                                          **CAUSE NO.: 4:07CV37-SA -EMB**

**RAY SHUMAN and FIKES TRUCK LINE, INC.**                       **DEFENDANTS**

## MEMORANDUM OPINION

Comes now before this Court, Plaintiff's Second Motion for Partial Summary Judgment [39]. After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

*Factual Background*

On September 12, 2006, Plaintiff was a passenger in a silver Lincoln Town Car traveling east on Highway 82 through Greenville, Mississippi. An eighteen-wheeler, driven by Defendant Shuman, attempted to pull his eighteen-wheeler across two lanes of eastbound traffic to enter the westbound lane from a truckstop on the south side of Highway 82. Before Shuman could fully pull into the westbound lanes, the Lincoln in which Plaintiff was riding struck the rear portion of the tractor trailer. Shuman admits that two to three feet of his trailer would have been in the eastbound lane at the time of the collision.

The Plaintiff instituted suit for damages resulting from the collision between the vehicles. Plaintiff filed two Motions for Partial Summary Judgment. In the second of those motions, Plaintiff requests the court to rule as a matter of law that Defendant Shuman was negligent due to his admission that the eighteen-wheeler was "sticking out" into the eastbound lane. In another motion, she asks the court to hold the corporate defendant, Fikes Truck Line, vicariously liable under the

Federal Motor Carrier Safety Act, 49 U.S.C. § 14102. The court only addresses now the motion for partial summary judgment as to Defendant's negligence. Plaintiff's other motion for partial summary judgment will be addressed in a later memorandum from the court.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Discussion and Analysis*

Plaintiff asks the court to decide as a matter of law that Defendant Shuman was negligent.

Plaintiff contends that Shuman's admission that a portion of his trailer was in the inside of the eastbound lane where it was struck by the Lincoln is dispositive of his negligence. Indeed, Shuman responded to Plaintiff's request for admissions, "Defendant admits that a portion of the trailer was situated in the inside eastbound lane."

Plaintiff cites the case Occhipinti v. Rheem Manufacturing Company, Inc., in support of her contention that this court can determine, as a matter of law, that Shuman was negligent based on his admission. 252 Miss. 172, 172 So. 2d 186 (1965). In Occhipinti, the plaintiff's automobile collided with the left rear wheel of the tractor-trailer owner by Rheem. The evidence presented during trial noted that the trailer was jutting into the eastbound lane by six to eight feet and was blocking one lane of traffic prior to the accident. 172 So. 2d at 188. It was also undisputed that the plaintiff was driving within the speed limit and looking straight ahead before the collision. Id.

The plaintiff was five and half months pregnant at the time of the collision, and the fetus she was carrying eventually died in utero. Id. The trial court instructed the jury not to consider any damages that may have resulted to the plaintiff from the death of the fetus. Id. at 189. The jury verdict returned found that the plaintiff and defendant were "equally guilty of negligence" but awarded the plaintiff $1500 in damages. Id. at 188.

On appeal, the Mississippi Supreme Court determined that the trial court erred in excluding from jury consideration the effects upon the mother of the death of her unborn child. The Court further analyzed the evidence in the record to determine whether the plaintiff or defendant was principally negligent in order to remand back to the trial court the issue of damages. The Court deemed the defendant principally negligent due to the undisputed evidence the plaintiff was looking straight forward and was driving within the speed limit at the time of the accident. Id. at 188.

Therefore, because Rheem's driver was principally negligent, the trial court erroneously instructed the jury regarding the plaintiff's inability to collect damages, and the Supreme Court's decision that the verdict was "grossly inadequate," the circuit court was affirmed as to liability and reversed and rendered as to damages. Id. at 191.

Occhipinti does not stand for the proposition that a court can determine liability as a matter of law where there are disputed facts. Here, the Defendant asserts there are genuine issues of material fact which preclude the summary judgment of the plaintiff's negligence claim. Defendant contends that the driver of the Lincoln had the last clear chance to avoid the accident, was speeding, was talking to a passenger, and was not looking forward. These facts, if proven, could affect Defendant's liability in this case. Thus, Defendant argues, summary judgment as to this issue is improper.

In order to prove negligence, the Plaintiff must establish a duty, breach of that duty, and that the breach of that duty caused the damages suffered by Plaintiff. Jobe v. ATR Mktg., 87 F.3d 751, 753 (5th Cir. 1996) (citing Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So. 2d 790, 794 (Miss. 1995)). Even though Shuman did admit that his trailer was two or three feet in the eastbound lane prior to the accident, this admission alone does not establish that the Defendant was negligent. Shuman further testified that he did not get his trailer out of the eastbound lane before the accident occurred because he was "doing the best I could at the speed the Lincoln Town Car was traveling." Moreover, when questioned why he did not wait until the Lincoln passed him before starting into the westbound turn, Shuman answered, "At that time, I had more than enough time to get across the street." Accordingly, Shuman may have admitted that he breached a duty in failing to remove his trailer from the eastbound lane, however, there exists genuine issues of material fact as to causation

and damages. Therefore, the Plaintiff's Second Motion for Partial Summary Judgment is denied as genuine issues of material fact exists in this case.

## *Conclusion*

Plaintiff's First Motion for Partial Summary Judgment as to Fikes Truck Line's vicarious liability will be addressed by the court at a later date. Plaintiff's Second Motion for Partial Summary Judgment as to Shuman's negligence is denied.

A separate order shall issue herewith.

SO ORDERED, this the  3rd  day of June, 2008.


                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**